UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>                Plaintiff,<br><br>v.<br><br>SADISCO OF GEORGIA, INC.,<br>and SADISCO OF GEORGIA, INC.<br>PROFIT SHARING PLAN,<br><br>                Defendants. | **Civil Action No.: _____**<br><br><br><br><br><br><br><br><br><br>**C O M P L A I N T** |

Plaintiff Lori Chavez-DeRemer, the Secretary of the United States Department of Labor ("the Secretary"), alleges the following:

## INTRODUCTION

1. The Secretary is charged with enforcing the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*.

2. ERISA requires that fiduciaries of qualifying employee benefit plans act solely, exclusively, and prudently in the interests of plan participants. ERISA §§ 404(a)(1)(A) & (B), 29 U.S.C. §§ 1104(a)(1)(A) & (B). Fiduciaries must also discharge their duties in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA's other fiduciary provisions. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

3. When ERISA's strict fiduciary standards are not met, the Secretary has the authority to seek relief under ERISA §§ 409(a) and 502(a)(2) & (5), 29 U.S.C. §§ 1109(a) and 1132(a)(2) & (5), to restore plan losses, to recover unjust profits and to obtain other remedial and equitable relief as the court may deem appropriate. The Secretary may also seek injunctions to prevent those who have violated their fiduciary duties from managing or providing services to employee benefit plans in the future.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

5. Venue with respect to this action lies in the Southern District of Georgia, where the Defendants are located and where the breaches have taken place, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## THE PARTIES

6. The Plaintiff, the Secretary of Labor, is vested with the authority to enforce the provisions of Title I of ERISA by, among other means, filing and prosecuting claims against fiduciaries and other parties who commit violations of ERISA. ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

7. Defendant Sadisco of Georgia, Inc. Profit Sharing Plan ("the Plan") is an employee benefit plans within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3), subject to coverage under ERISA pursuant to §4(a), 29 U.S.C. §1003(a), and is joined as party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

8. Defendant Sadisco of Georgia, Inc. ("the Company") is a dissolved domestic for-profit corporation headquartered in Savannah, Georgia. The Company is the Plan Sponsor and named Plan Administrator of the Plan. The Company is, therefore, a fiduciary within the meaning of §§ 402(a) and 3(21)(A)(i) and (iii) of ERISA, 29 U.S.C. §§ 1102(a) and 1002(21)(A).

## GENERAL ALLEGATIONS

9. The Plan was established in 1979 to provide retirement benefits to the Company's employees.

10. George McDonald was the President of the Company and also the sole named Trustee to the Plan.

11. Mr. McDonald died on August 23, 2021.

12. Neither Mr. McDonald nor the Company named a successor trustee or provided any instruction for naming a successor Trustee. Therefore, Mr. McDonald's death left the Plan without a Trustee.

13. Retirement Plan Administrators is the third-party administrator responsible for custodial, investment, and administration services for the Plan.

14. Charles Schwab Corporation is the Plan Custodian and holds the Plan's assets.

15. As of September 1, 2024, the Plan had $46,222.60 in assets held by Charles Schwab.

16. The Plan Document governing the Plan requires that "The Administrator, pursuant to the election of the Participant, shall direct the Trustee to distribute to a Participant or such Participant's Beneficiary the amount (if any) to which the Participant (or Beneficiary) has become entitled under the Plan in one lump-sum payment in cash or property allocated to the Participant's account."

17. The Plan Document also provides: "Upon the death of a Participant, the Administrator shall direct, in accordance with the provisions of Sections 6.6 and 6.7, the distribution of any remaining amounts credited to the accounts of the deceased Participant to such Participant's Beneficiary … In the event no valid designation of Beneficiary exists with respect to all or a portion of the death benefit, or if the Beneficiary of such death benefit is not alive at the time of the Participant's death and no contingent Beneficiary has been designated, then such death benefit will be paid in the following order of priority to: (1) the Participant's surviving spouse; (2) the Participant's children, including adopted children, per stirpes; (3) the Participant's surviving parents, in equal shares; or (4) the Participant's estate."

18. Despite these requirements, Since Mr. McDonald's death, the Company has failed, and continues to fail, to make distributions of Plan assets owed to participants.

19. As a result of the Company's ongoing failures to arrange for continued management of the Plan or for the distribution of Plan assets, Charles Schwab is unable to distribute the Plan's assets unless and until a new fiduciary is appointed to administer the Plan.

20. Moreover, the Company failed to arrange for continued management of the Plan after Mr. McDonald's death.

21. The Company has further failed to ensure the payment of Plan expenses.

22. Between December 31, 2022, through December 31, 2024, the Company failed to file the Plan's Form 5500 with the Department of Labor.

23. Overall, the Company has failed to administer the Plan and has effectively abandoned it. As a result, the Plan's participants are unable to receive information about their funds and are unable obtain distributions of Plan assets to which they are entitled.

24. Because of the Company's abandonment of the Plan, the Company's dissolution, and Mr. McDonald's death, the $46,222.60 the Plan currently holds in assets rightfully owed to participants and beneficiaries is effectively frozen unless and until this Court takes steps necessary to ensure those assets are distributed.

**CLAIM FOR RELIEF I**
**Disloyalty, Imprudence, and Failure to Comply with Plan Documents,**
**ERISA §§ 404(a)(1)(A), (B), and (D)**
**(Company Defendant)**

25. By causing, allowing or engaging in the acts or omissions set forth in paragraphs 10-24, Defendants breached their fiduciary obligations under ERISA by:

   a. Failing to discharge their fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

   b. Failing to discharge their fiduciary duties with care, skill, prudence, and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

   c. Failing to make distributions of Plan assets owed to participants and their beneficiaries in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

   d. Specifically, Defendants failed to arrange for Plan distributions to the participants after the termination of the participants' employment, to the beneficiaries of participants at the time of the participants' deaths, or anytime thereafter as required by the documents and instruments

governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C.

§ 1104(a)(1)(D).

## PRAYER FOR RELIEF

**WHEREFORE**, pursuant to §§ 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), Plaintiff prays that the Court:

A.   Remove Defendant Sadisco of Georgia, Inc. as Fiduciary of the Plan;

B.   Appoint an independent trustee and fiduciary to administer the Plan and distribute the Plan's assets to its participants and beneficiaries;

C.   Order that any expenses associated with the appointment of the independent fiduciary and subsequent administration and termination of the Plan be charged to the Plan; and

D.   Provide other appropriate equitable relief as may be necessary.

Respectfully submitted this 25th day of March 2025.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
(678) 237-0623
(404) 302-5438 (FAX)
gainey.john.o@dol.gov
atl.fedcourt@dol.gov

JONATHAN L. SNARE
Acting Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

DANIEL P. MILLER
ERISA Counsel

By: */s/ John O. Gainey*
     JOHN O. GAINEY
     Trial Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff

SOL Case No. 24-00420