**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor,

        Plaintiff,

        v.

SADISCO OF GEORGIA, INC.; and SADISCO OF GEORGIA, INC. PROFIT SHARING PLAN,

        Defendants.

CIVIL ACTION NO.: 4:25-cv-68

## D E F A U L T   J U D G M E N T   A N D   O R D E R

Upon Plaintiff's Motion for Default Final Judgment, (doc. 10), and considering the entry of Clerk's Default filed on July 23, 2025, (doc. 6), Defendants' failures and refusals to plead or otherwise defend, the affidavit filed by Plaintiff in support of said Motion, (doc. 10, pp. 13–14), and the Court being otherwise fully advised, Plaintiff's Motion for Default Final Judgment is **GRANTED**.  The Court enters its findings of fact and conclusions of law, as follows:

### FINDINGS OF FACT

1.    Defendant Sadisco of Georgia Inc. Corporation ("Company") is a dissolved domestic for-profit corporation headquartered in Savannah, Georgia.

2.    The Company is or was at all times relevant to this action the Plan Sponsor and Administrator and, therefore, a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C.

§ 1002(14)(A) and (C).

3.     Defendant Sadisco of Georgia, Inc. Profit Sharing Plan (the "Plan") is a single-employer employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

4.     George McDonald ("Mr. McDonald") was the sole named Trustee of the Plan and, therefore, a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5.     The Company adopted the Plan in or around 1979 and funded the Plan with discretionary employer contributions.

6.     Mr. McDonald, as Trustee, has at all relevant times had the authority to direct the investment and distribution of the Plan assets.

7.     Mr. McDonald died on August 23, 2021, without naming a successor trustee or providing instructions for naming a successor trustee.

8.     As of September 1, 2024, the Plan held $46,222.60 in assets.

9.     The Plan has not made distributions to participants following their separation as required by the terms of the Plan documents.

## CONCLUSIONS OF LAW

10.     This Court has jurisdiction over this action pursuant to § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1). Venue for this action lies with this Court pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

11.     By failing to make distributions to terminated participants as required by the Plan

documents, Mr. McDonald and the Company have failed to discharge their duties with respect to the Plan solely in the interests of the Plan's participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable Plan administration expenses as required by section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

12. By failing to make distributions to terminated participants as required by the Plan documents, the Company violated its duty of prudence as imposed by § 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

13. By failing to make distributions to terminated participants as required by the Plan documents, Mr. McDonald and the Company have failed to discharge their duties in accordance with the documents and instruments governing the plan as required by § 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D).

Upon consideration of Plaintiff's motion for judgment by default, Defendants' having failed to answer, plead, or otherwise defend as required by law since the Clerk's entry of default herein on July 23, 2025, and it appearing that Plaintiff is entitled to the relief sought, and this Court having entered (herein) its Findings of Fact, Conclusions of Law, and Order granting Plaintiff's motion, now, therefore, in accordance therewith, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant Sadisco of Georgia, Inc. is hereby removed as fiduciary and trustee to the plan.

3. AMI Benefit Administrators, Inc., 100 Terra Bella Drive, Youngstown, Ohio 44505, is

appointed as successor fiduciary for the Plan and:

    a.      The successor fiduciary shall collect, marshal, and administer all of the Plan's assets and take such further actions with respect to the Plan as may be appropriate.

    b.      The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the successor fiduciary's duties.

    c.      The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

    d.      The successor fiduciary shall be entitled to receive reasonable fees and expenses for his or her services, payable from the assets of the Plan, in the amount of $2,200.00.

4.    Each party shall bear its own fees, costs and expenses in connection with this action and Defendants waive any rights pursuant to the Equal Access to Justice Act.

5.    The Court shall maintain jurisdiction over this matter only for the purposes of enforcing this Final Judgment and Order.

    **SO ORDERED**, this 19th day of May, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA